UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>           Petitioner,<br><br>v.<br><br>ON HABEAS CORPUS,<br><br>           Respondent. | Case No. 1:18-cv-00692-LJO-SAB<br><br>ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY<br><br><u>Clerk to Serve Petitioner's Counsel on Appeal</u> |

On May 21, 2018, Paul C. Bolin (hereinafter "Petitioner"), a condemned prisoner in state custody proceeding *in pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter the "Petition") challenging his 1991 judgment of conviction and death sentence following jury trial in Kern County Superior Court. (Doc. Nos. 1 & 4); *People v. Bolin*, Kern County Superior Court Case No. 41477-A.

Petitioner's central claim is that state actors fraudulently modified and improperly certified the record on appeal such that the trial court's jurisdiction to enter judgment is insufficiently supported. He seeks relief from his capital conviction and sentence.

However, Petitioner through counsel challenged the same 1991 judgment of conviction and sentence and sought relief thereon in claims raised in a separate habeas petition filed on January 19, 2005 and denied on the merits by this Court on June 9, 2016.[1] *Bolin v. Chappell*,

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of its noted records. *United States v.*

1

Case No. 1:99-cv-05279-LJO-SAB, 2016 WL 3213551 (June 9, 2016). Petitioner's direct appeal from denial of his first federal habeas petition remains pending with the Ninth Circuit Court of Appeals. *See* Case No. 16-99009 (9th Cir. filed Oct. 3, 2016). Petitioner is represented on appeal by the same counsel who represented him in this Court.

Dismissal of the first federal habeas petition on the merits renders a further petition challenging the same conviction and sentence "second or successive" for purposes of 28 U.S.C. § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Accordingly, the instant petition shall be denied without prejudice for lack of jurisdiction, as discussed below.[2]

## I. BACKGROUND

On Labor Day weekend of 1989, Petitioner shot two men in a remote mountain location. One of the men was defendant's partner in growing marijuana, and the other was one of two strangers to whom the partner had shown the marijuana. *See People v. Bolin*, 18 Cal. 4th 297, 310-11 (1998) *as modified on denial of reh'g* (Aug. 12, 1998).

On December 12, 1990, a jury convicted Petitioner of two counts of first-degree murder (Penal Code, § 187), one count of attempted first-degree murder (Penal Code, §§ 187, 664), and one count of cultivation of marijuana (Health & Safety Code, § 11358). *Id.* at 309. It found true allegations of personal firearm use (Penal Code, §§ 1203.06, subd. (a)(1), 12022.5) and a prior serious felony conviction (Penal Code, § 667, subd. (a)). *Id.* at 310-11. The jury also returned a true finding on the special circumstance allegation of multiple murder (Penal Code, § 190.2, subd. (a)(3)) and set the penalty at death. *Id.*

On February 25, 1991, the trial court denied Petitioner's motion to modify the verdict and

---

*Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993) (the court may take judicial notice of court records).

[2] Petitioner proceeding *in pro se* filed in this Court on May 11, 2017 a separate habeas petition challenging the 1991 judgment of conviction and death sentence and seeking relief therefrom that was dismissed on September 21, 2017 as second and successive. *Bolin v. Davis*, Case No. 1:17-cv-00985-LJO-SAB, 2017 WL 3537229, at *6 (E.D. Cal. Aug. 17, 2017), *findings and recommendations adopted* (Case No. 1:17-cv-00985-LJO-SAB, Doc. No. 14). Petitioner's unsuccessful attempt in that action to disqualify and recuse the undersigned on grounds of bias, prejudice and partiality, revisited here *(see* Doc. No. 6 at 3) fails for the reasons previously stated by the Court. *Bolin v. Davis*, Case No. 1:17-cv-00985-LJO-SAB, 2017 WL 2010435, at *2 (E.D. Cal. Apr. 30, 2018).

sentenced Petitioner to death on the capital Counts. *Bolin*, 2016 WL 3213551, at *2. The trial court also sentenced Petitioner to the upper term of nine years for attempted premeditated murder (Count III), three years with a stayed one-year enhancement for marijuana cultivation (Count IV), two years for the firearm enhancement, and five years for the serious felony enhancement. *Id.*

On June 18, 1998, the California Supreme Court affirmed the judgment and sentence on direct appeal. *Bolin*, 18 Cal. 4th at 348.

Petition for writ of certiorari was denied by the United States Supreme Court on March 8, 1999. *Bolin v. California*, 526 U.S. 1006 (1999).

On January 19, 2005, Petitioner's state habeas corpus petition was denied on the merits by the California Supreme Court. *In re Bolin*, Case No. S090684.

## II. DISCUSSION

### A. Duty to Screen

This Court has a duty to screen habeas corpus petitions. Rule 4 of the Rules Governing Section 2254 Cases (hereinafter the "Habeas Rules"), Advisory Committee Notes. Habeas Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. *Id.; see also O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990).

Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, Advisory Committee Notes; *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 at n.7 (1977)). Allegations in a petition that are vague, conclusory, palpably incredible, patently frivolous, or false are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Habeas Rule 8, Advisory Committee Notes; *see also Herbst v. Cook,*

260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir. 1971).

### B. Jurisdiction and Venue

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); *see also Williams v. Taylor*, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.

The challenged 1991 conviction and sentence arise out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 1404(a), 2241(d), 2254(a).

Accordingly, this Court as the district of conviction is vested with jurisdiction over the Petition.

### C. Successive Petition

The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because it was filed after April 24, 1996, the effective date of the AEDPA. *Lindh v. Murphy,* 521 U.S. 320, 327 (1997).

Because the Petition challenges the same 1991 judgment of conviction and sentence challenged in the above noted first federal habeas petition, it must be dismissed as a successive petition over which this Court lacks jurisdiction.

### 1. Legal Standards

The AEDPA, in pertinent part, provides that:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

[…]

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application.

28 U.S.C. §§ 2244(b)(1-3(A)); *see also* Habeas Rule 9.

This determination must be made by the United States Court of Appeals upon petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); *see also Burton v. Stewart,* 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from court of appeals before filing second or successive petition, "the [d]istrict [c]ourt was without jurisdiction to entertain [the petition]").

The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). The AEDPA "creates a gatekeeping mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villarreal*, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of the AEDPA. *Babbitt v. Woodford*, 177 F.3d 744, 745 (9th Cir. 1999).

"When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting *Libby v. Magnusson*, 177 F.3d 43, 46 (1st Cir. 1999)). This limitation has been characterized as jurisdictional. *Burton,* 549 U.S. at 152; *see also Cooper,* 274 F.3d at 1274 (9th Cir. 2001).

Although the AEDPA does not specify what constitutes a "second or successive" petition, *Hill v. Alaska,* 297 F.3d 895, 897 (9th Cir. 2002), "the Supreme Court, the Ninth Circuit, and its sister circuits have interpreted [the term] . . . as derivative of the abuse-of-the-writ doctrine developed in pre-AEDPA cases." *Id.* at 897–98; *see also Felker,* 518 U.S. at 664.

Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. *McCleskey v. Zant,* 499 U.S. 467, 494–95 (1991); *see also Thompson v. Calderon,* 151 F.3d 918, 920–21 (9th Cir. 1998) (a petition need not be repetitive to be second or successive); *Cooper,* 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2)). Claims that could have been adjudicated in an earlier petition

1  may not be considered "unless the petitioner can show (1) cause for bringing a successive petition
2  and that prejudice would result or (2) that a fundamental miscarriage of justice would result from
3  failure to entertain the claim." *Alaimalo v. U.S.*, 645 F.3d 1042, 1049 (9th Cir. 2011); *see also*
4  *McCleskey*, 499 U.S. at 494-95.

2.   Analysis

The first federal habeas petition was denied following merits analysis rather than for technical or procedural reasons.³  *See Bolin*, 2016 WL 3213551, at 204; *see also McNabb,* 576 F.3d at 1029 (citing *Howard v. Lewis,* 905 F.2d 1318, 1322 (9th Cir. 1990)) (a disposition is "on the merits" if the district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court); c*f. Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000) (habeas petition filed after a prior habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive petition").

The Petitioner's claim that the record on appeal was fraudulently modified and improperly certified was presented in the first federal habeas petition.  There the Court considered and denied claimed ineffective assistance of appellate counsel including as to failure to perfect the record on appeal as certified by Kern County Superior Court Judge Oberholzer.  *See Bolin*, 2016 WL 3213551, at **199-200.

Petitioner has not proffered any new evidence or cited any new rule of constitutional law that would arguably allow him to file a habeas petition on such a claim.  *See Hill*, 297 F.3d at 899.

Accordingly, the Petition is "second or successive" for purposes of 28 U.S.C. § 2244.  *See Burton,* 549 U.S. at 153 (petition found "second or successive" where it challenged custody imposed by the same judgment challenged in the initial petition).  Under the AEDPA, Petitioner was required to obtain an order from the Ninth Circuit Court of Appeals authorizing the Court to

---

³ The allegation of ineffective assistance by appellate counsel relating to the trial court's denial of a motion to withdraw by defense counsel, dismissed by this Court as unexhausted (*see* Bolin, 2016 WL 3213551, at *199) is not included in the instant Petition.

consider his claims prior to filing this case. Because he did not do so, this Court is without jurisdiction to entertain the Petition. *Id.*; 28 U.S.C. § 2244(b)(3)(A).[4]

### D.    Certificate of Appealability

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). A district court must issue or deny a COA when it enters a final order adverse to the applicant. *See* Habeas Rule 11(a).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2); *accord Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack*, 529 U.S. at 483-84. In determining these issues, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. *Miller-El,* 537 U.S. at 338.

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack*, 529 U.S. at 478.

Since the Petition is clearly a second or successive petition, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was

---

[4] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition ... is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." The Petition is clearly a second or successive habeas petition. There is no indication that it is actually an application for authorization to file a second or successive petition that Petitioner mistakenly filed here, and the Court declines to construe it as such. If Petitioner seeks authorization to file a second or successive habeas petition, he should submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit Rule 22-3.

correct in its procedural ruling." *Id.; see also Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (unauthorized successive habeas application could not satisfy criteria for issuance of certificate of appealability).

### III. ORDER

For the reasons stated, IT IS ORDERED THAT (1) the Petition (Doc. No. 1) be dismissed without prejudice for lack of jurisdiction, and (2) a Certificate of Appealability be denied.

The Clerk of the Court is directed to serve this order upon Petitioner's counsel on the pending Ninth Circuit appeal, Robert Bacon, Esq. and Brian Abbington, Esq.

IT IS SO ORDERED.

Dated: __May 14, 2019__                    _____/s/ Lawrence J. O'Neill_____
                                           UNITED STATES CHIEF DISTRICT JUDGE